There can be no doubt but that the paper-writing which purports to be a will of the personal estate was properly proved in the county court, and that the judgment given thereon in the (175) Superior Court affirming it was correct. But the question in reality submitted to this Court is whether, first, the paper-writing purporting to be a deed was in its nature testamentary; and if so, secondly, whether it was legally proved, as the law prescribes. My opinion on the last question renders it unnecessary to give an opinion upon the first.
The second question, in substance, is whether David Yarbrough, who is a subscribing witness to that deed, with William Horton, the only other subscribing witness, was in law a proper witness to prove its execution. He is one of four trustees named in that instrument for the purpose of selling the real-estate of John Allison, who executed it; and there is a clause in it as follows: "and the said trustees are hereby authorized and directed to retain to their own use, out of the moneys that may come to their hands, a sufficient compensation for their trouble in performing and executing the trust hereby reposed in them, and also for discharging any debt that may arise from the sick- or death-bed, or physician's aid if required, and funeral charges."
By the act of 1784, New Rev., ch. 204, sec. 11, it is enacted that no last will or testament shall be good, in law or equity, to convey any estate in lands, etc., unless such will shall have been written and signed by the testator, and "subscribed in his presence by two witnesses at least, no one of which shall be interested in the devise of said lands." This act is supposed by the plaintiff's counsel to have a resemblance in principle to the devising clause of the English statute of frauds, in which it is declared that all devises shall be attested and subscribed in the presence of the devisor by three or more credible witnesses, or else shall be utterly void and of none effect. The point has been much controverted in England, whether the subscribing witnesses should be credible or competent at the time of attesting the will or at the time when called upon (176) to prove its execution. The question has also been examined with ability by the counsel in this case. I do not think it necessary to give any opinion on it, because I think the act of 1784 puts the question at rest. I will only say that if the test of qualification is to be applied at the time when the execution of the will is attempted to be proved, it appears to me that the term credible is a dead letter in the statute, because the rules of evidence would not permit any other competent witnesses (which Lord Mansfield, in 1 Burr., 414, says the term credible witnesses in the statute means) to be examined to prove the execution of a will, if the statute had not made such provision.
The same remark may be made as to the act of 1784. If a subscribing witness to a will is interested in a devise therein, and afterwards becomes *Page 71 
disinterested by a release or by any other means, and thereby a good witness, the clause would be inserted for no purpose which declares that "no one of which shall be interested in the devise of the said lands," because if no such provision had been made by the act, the rules of evidence would prevent any witness from being examined who was not at the time disinterested.
But I think the Legislature, by the act in question, intended to remove temptation out of the way, and no suffer wills to be made through the procurement of fraud; and this they could not better accomplish than by not suffering any person to attest a will unless at the time the person so attesting was disinterested in the thing devised.
If, therefore, David Yarbrough had an interest in the instrument he attested, at the time he attested it as a witness, the release by him made will not restore his competency.
The clause which I have before recited furnishes employment for him and gives compensation for it. It is like the common case of allowing commissions on the amount of the business transacted. The case does not resemble those cases where witnesses are received from necessity, and for the sake of trade, as when a person is employed to (177) sell goods, and is to have a certain per cent on the amount sold, he is competent to prove the contract of sale. 2 H. Bl., 590; 3 Wils., 407. See Guilliam Bac. "Evidence, B"; Norris's Peake, 240. It is very true, the interest of the witness in this case is very small; but this Court, on that account, cannot overlook it; it cannot judge between different degrees of interest. If this objection was overruled, at some future time a witness somewhat more interested might be offered; and so on, till the rule which rejects interested witnesses would be done away altogether. The rules of evidence are of great consequence. Lord Kenyon says our laws, liberties, and property depend upon them; they ought to be preserved inviolate and unshaken. For these reasons I am of opinion that David Yarbrough (whose character is admitted to be pure and upright) is not in law a competent witness to prove the paper-writing (which on the face of it purports to be a deed), which, in the court below, has been offered and proved as a will.